UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
File No. 7:20-CV-248-FL

| | | |
|---|---|---|
| BRANDON LOVELL WEBSTER, MARY TOWANDA WEBSTER-REED, individually, *et al*., | ) ) ) ) | |
| Plaintiffs, | ) ) | **(CORRECTED) ANSWER AND DEFENSES OF DEFENDANT COLLINS** |
| v. | ) ) | |
| SCOTT ANTHONY COLLINS, individually; and DOES 1-10, inclusive, | ) ) ) | |
| Defendants. | ) | |

NOW COMES Defendant Scott Anthony Collins ("Trooper Collins") by and through the undersigned counsel, and responds to Plaintiff's Complaint as follows:

## I. INTRODUCTION

1.    It is admitted upon information and belief that Plaintiffs bring claims pursuant to the legal authorities cited in this paragraph and allege a variety of causes of actions as stated therein. It is specifically denied that Trooper Collins is liable to Plaintiff for any reason under any legal theory. Trooper Collins further denies that any of Plaintiffs' constitutional rights, or any other rights or privileges granted him under federal or state law, were violated.  Except as specifically admitted herein, denied.

2.    It is admitted that Plaintiffs seeks the relief stated in this paragraph. However, Trooper Collins denies that Plaintiffs are entitled to the relief they seek.

## II. **JURISDICTION AND VENUE**

3.      It is admitted upon information and belief that Plaintiffs bring claims pursuant to the legal authorities cited in this paragraph and allege a variety of causes of actions as stated therein. It is specifically denied that Trooper Collins is liable to Plaintiffs for any reason under any legal theory. Trooper Collins further denies that any of Plaintiffs' constitutional rights, or any other rights or privileges granted him under federal or state law, were violated.  Except as specifically admitted herein, denied.

4.      It is admitted that this Court has original jurisdiction over federal claims pursuant to the authority cited in this paragraph.. It is admitted that the events alleged in the Complaint occurred in Brunswick County, North Carolina. It is admitted that the authority cited in this paragraph provides that venue is proper in this district based on the location of the events as alleged in the complaint. Except as specifically admitted herein, denied.

## III. **PARTIES**

5.      Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

6.      Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied. It is specifically denied that Trooper Collins is liable to Plaintiffs for any reason under any legal theory.

7.      Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied. It is specifically denied that Trooper Collins is liable to Plaintiffs for any reason under any legal theory.

8.      Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied. It is specifically denied that Trooper Collins is liable to Plaintiffs for any reason under any legal theory.

9.      Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied. It is specifically denied that Trooper Collins is liable to Plaintiffs for any reason under any legal theory.

10.      Admitted.

11.      This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, denied.

12.      This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, denied.

13.      This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, denied.

## IV. <u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u>

14.      Paragraphs 1 through 13 of Trooper Collins' Answer are incorporated by reference as if fully set forth herein.

15.      This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

16.      This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks

sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

17.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

18.     It is admitted that Trooper Collins activated his patrol vehicle's blue lights and pulled Mr. Webster's vehicle over into the Mini-Mart's parking lot. Except as herein admitted, denied.

19.     Denied.

20.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, denied.

21.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     It is admitted that Mr. Webster began to back up his vehicle while Trooper Collins was behind him. It is further admitted that Trooper Collins provided loud verbal commands instructing Mr. Webster to stop. It is admitted that Mr. Webster continued to back up and accelerated towards Trooper Collins. Except as herein admitted, denied.

26.     Denied that Mr. Webster attempted to surrender by briefly putting up his hand. Denied that Trooper Collins ignored Mr. Webster's surrender. As to the witness observation.

Trooper Collins lacks sufficient knowledge and information to admit or deny. Except as herein admitted, denied.

27.     It is admitted that Mr. Webster was shot twice. Except as herein admitted, denied.

28.     It is admitted that Whitney McKeithon was a passenger in Mr. Webster's vehicle. Except as admitted herein, denied.

29.     Denied.

30.     It is admitted that the Report of Autopsy Examination is the best evidence of the cause of Mr. Webster's death. Trooper Collins lacks sufficient knowledge and information to admit or deny the remaining allegations contained in this paragraph, and the same are therefore denied.

31.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

32.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

33.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

34.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, denied.

35.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

44.     Denied.

45.     Denied.

46.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

47.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

48.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks

sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Admitted that Trooper Collins' dash-mounted video camera was inoperable. Except as specifically admitted herein, denied.

54. This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

55. This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

56. This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

## V. <u>CLAIMS FOR RELIEF</u>

### COUNT I

### 42 U.S.C. § 1983 Violations
### Unreasonable Search and Seizure

57.     Paragraphs 1 through 56 of Trooper Collins' Answer are incorporated by reference as if fully set forth herein.

58.     Denied. Trooper Collins specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Except as specifically admitted herein, denied.

59.     Denied. Trooper Collins specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Except as specifically admitted herein, denied.

60.     Denied. Trooper Collins specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Except as specifically admitted herein, denied.

61.     Denied. Trooper Collins specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Except as specifically admitted herein, denied.

62.     Denied. Trooper Collins specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Except as specifically admitted herein, denied.

63.     It is admitted that Mr. Webster was shot twice. It is admitted that the Report of Autopsy Examination is the best evidence of the cause of Mr. Webster's death. Except as herein admitted, denied.

64.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of

negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

65.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

66.     Trooper Collins admits that Plaintiffs seek attorney fees. However, Trooper Collins specifically denies that he is liable to Plaintiffs for attorney fees for any reason under any legal theory. Except as specifically admitted herein, denied.

## COUNT II

### 42 U.S.C. § 1983 Violations
### Unreasonable Search and Seizure

#### Excessive Force

67.     Paragraphs 1 through 66 of Trooper Collins' Answer are incorporated by reference as if fully set forth herein.

68.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, denied.

69.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, denied.

70.     Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

71.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

72.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

73.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of

negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

74.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

75.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

76.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges

granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

77.     It is admitted that Mr. Webster was shot twice. It is admitted that the Report of Autopsy Examination is the best evidence of the cause of Mr. Webster's death. As to the remaining allegations, this paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

78.     Trooper Collins admits that Plaintiffs seek attorney fees. However, Trooper Collins specifically denies that he is liable to Plaintiffs for attorney fees for any reason under any legal theory. Except as specifically admitted herein, denied.

## COUNT III

### 42 U.S.C. § 1983 Violations
### Substantive Due Process

79.     Paragraphs 1 through 78 of Trooper Collins' Answer are incorporated by reference as if fully set forth herein.

80.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

81.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

82.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

83.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

84.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

85.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges

granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

86. This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

87. This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

88. This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies

that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

89.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

90.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

91.     Trooper Collins specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

92.     Trooper Collins admits that Plaintiffs seek attorney fees. However, Trooper Collins specifically denies that he is liable to Plaintiffs for any attorney fees for any reason under any legal theory. Except as specifically admitted herein, denied.

## COUNT IV

## North Carolina Law

<u>False Arrest/False Imprisonment</u>
(Wrongful Death)

93.     Paragraphs 1 through 92 of Trooper Collins' Answer are incorporated by reference as if fully set forth herein.

94.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

95.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

96.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies

that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

97.    This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

98.    Trooper Collins admits that Plaintiffs seek both survival and wrongful death damages. However, Trooper Collins specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

**COUNT V**

**North Carolina Law**

<u>Battery</u>
(Wrongful Death)

99.    Paragraphs 1 through 98 of Trooper Collins' Answer are incorporated by reference as if fully set forth herein.

100.    This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies

that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

101.    This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

102.    This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

103.    This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

104.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

105.     Trooper Collins admits that Plaintiffs pursue this claim individually and as successors-in-interest to Mr. Webster and seek both survival and wrongful death damages. However, Trooper Collins specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

## COUNT VI

### North Carolina Law

<u>Negligence</u>
(Wrongful Death)

106.     Paragraphs 1 through 98 of Trooper Collins' Answer are incorporated by reference as if fully set forth herein.

107.     This paragraph, including subparagraphs (a) through (f), contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

108.    This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

109.    Trooper Collins admits that Plaintiffs pursue this claim individually and as successors-in-interest to Mr. Webster and seek both survival and wrongful death damages. However, Trooper Collins specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

<div align="center">

**COUNT VII**

**North Carolina Law**

<u>Ethnic Intimidation</u>
Violation of N.C.G.S. § 14-401.14

</div>

110.    Paragraphs 1 through 109 of Trooper Collins' Answer are incorporated by reference as if fully set forth herein.

111.    This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, admitted upon information and belief.

112.    This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, denied.

113.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

114.     This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

115.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, denied.

116.     Denied.

117.     Admitted that Trooper Collins was working as a patrolman for the NCSHP, and acting within the course and scope of his duties. Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further

specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

118. Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

119. This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

120. This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

121. Trooper Collins admits that Plaintiffs pursue this claim individually and as successors-in-interest to Mr. Webster. Trooper Collins specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

122. Trooper Collins admits that Plaintiffs seek attorney fees. However, Trooper Collins specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

### COUNT VIII

### North Carolina Law

Negligent Infliction of Emotional Distress

123. Paragraphs 1 through 109 of Trooper Collins' Answer are incorporated by reference as if fully set forth herein.

124. This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

125. This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

126.     It is admitted that the Report of Autopsy Examination is the best evidence of the cause of Mr. Webster's death. As to the remaining allegations contained in this paragraph, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

127.     This paragraph does not contain allegations directed at Trooper Collins, and therefore no response is required. To the extent a response is required, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph, and the same are therefore denied.

128.     Trooper Collins admits that Towanda Reed pursues this action individually and seeks damages as an individual. However, specifically denies that he is liable to Plaintiffs for any reason under any legal theory. Except as specifically admitted herein, denied.

## COUNT IX

### North Carolina Law

Civil Conspiracy

129.     Paragraphs 1 through 128 of Trooper Collins' Answer are incorporated by reference as if fully set forth herein.

130.     Admitted.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied

136.    This paragraph contains legal conclusions to which responses are not required. To the extent responses are required, Trooper Collins specifically denies any acts or omissions of negligence, gross negligence, reckless and wanton acts and/or omissions. Trooper Collins also specifically denies that any of Mr. Webster's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Trooper Collins further specifically denies that he is liable to Plaintiffs for any reason under any legal theory. As to the allegations in subparagraphs (a) through (f), Trooper Collins specifically denies engaging in any conspiracy. Moreover, as to the alleged general damages, Trooper Collins lacks sufficient knowledge and information to admit or deny the allegations contained in this subparagraph, and the same are therefore denied. Except as specifically admitted herein, denied.

137.    Denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFFS' COMPLAINT, INCLUDING THE RELIEF REQUESTED, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED.  FURTHER ANSWERING THE COMPLAINT OF THE PLAINTIFFS AND AS FURTHER DEFENSES THERETO, ANSWERING DEFENDANT AVERS:**

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted against Defendant, and pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, Defendant pleads this failure in bar of Plaintiffs' claims against him.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over Plaintiffs' claims related to any allegations of negligent acts committed by Defendant, as a state employee, while acting within the course and scope of his employment with the North Carolina Department of Public Safety and the North Carolina State Highway Patrol.

### THIRD DEFENSE

Plaintiffs' Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendant, and Defendant pleads such failure in bar of any claim against him for punitive damages. Specifically, Plaintiffs' Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, evil motive, or intent by Defendant required to support a claim for punitive damages.

### FOURTH DEFENSE

Qualified immunity shields Defendant in his individual capacity from Plaintiffs' claims against him for monetary damages as Defendant did not violate any clearly established constitutional rights of which a reasonable person would have known.

### FIFTH DEFENSE

Defendant pleads all other immunities to which he is entitled, including, but not limited to, governmental immunity, sovereign immunity, good-faith immunity, and/or public officer's immunity as defenses.

### SIXTH DEFENSE

The death of the Mr. Webster, for which recovery is sought in this action, was caused or contributed to by his own negligence, in that he had a duty to exercise reasonable care for his own safety and well-being, failed to do so, and as a direct and proximate result of such failure, contributed in whole or in part to the injury of which Plaintiff now complains. Defendant pleads the contributory negligence of Mr. Webster in bar of Plaintiffs' claims against him.

## SEVENTH DEFENSE

At all times relevant to the matters set forth in the Complaint, Defendant acted reasonably, in good faith, and complied with all pertinent constitutional, statutory and regulatory authority, all of which are pled as a complete defense to the Plaintiffs' claims asserted in this action.

## EIGHTH DEFENSE

Defendant reasonably believed the use of deadly force was necessary to defend himself and others from the imminent use of deadly physical force by Mr. Webster. Therefore, Defendant's use of deadly force was reasonable under the circumstances.

## NINTH DEFENSE

Mr. Webster's own actions and possible criminal misconduct are the direct and proximate cause of any injuries or damages for which Plaintiffs now complain, such that Plaintiffs' claims are barred as a matter of law.

## TENTH DEFENSE

Defendant pleads self-defense and provocation as a defense to all applicable claims asserted in the Complaint.

## ELEVENTH DEFENSE

Defendant pleads legal justification is pled as an affirmative defense in bar of Plaintiffs' right to recover in this action.

## THIRTEENTH DEFENSE

Defendant expressly reserves the right to plead and assert additional defenses which may be revealed during the course of discovery and at trial.

**WHEREFORE**, having made the above-noted motion to dismiss, responded to the allegations of Plaintiffs' Complaint, and asserted defense and immunities, Defendant herein prays the Court as follows:

1.    That Plaintiffs' Complaint be dismissed with prejudice;

2.    That Plaintiffs have and recover nothing from Defendant in this action;

3.    That costs of this action, including reasonable attorney's fees, be taxed to Plaintiffs;

4.    For such other and further relief as the Court deems just and proper; and

5.    For a trial by jury of all issues of fact herein.

This the 10th day of March, 2021.

<div style="margin-left:40%">

**JOSHUA H. STEIN**
**ATTORNEY GENERAL**

/s/ Bettina J. Roberts
Bettina J. Roberts
Assistant Attorney General
N.C. State Bar No.  43356
N.C. Department of Justice
Public Safety Section
9001 Mail Service Center
Raleigh, North Carolina 27699-9001
Telephone:  (919) 716-6940
Facsimile:  (919) 716-6761
E-Mail:  bjroberts@ncdoj.gov

</div>

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing **(CORRECTED)**

**ANSWER AND DEFENSES OF DEFENDANT COLLINS** with the Clerk of the Court utilizing

the CM/ECF system which provides electronic notification to counsel for Plaintiffs as follows:

Ira Braswell
P.O. Box 703
Louisburg, NC 27549
ibraswelliv@gmail.com

This the 10th day of March, 2021.

/s/ Bettina J. Roberts
Bettina J. Roberts
Assistant Attorney General