IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| MARY TOWANDA WEBSTER-REED, individually and as representative of the Estate of Brandon Lovell Webster, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> SCOTT ANTHONY COLLINS, *in his individual capacity*, <br><br> *Defendant*. | **Case No. 7:20-cv-248-FL** |

## PLAINTIFFS' STATUS REPORT

Pursuant to the Court's December 13, 2022 Order, (Dkt. No. 69), Plaintiffs submit this status report regarding the pending settlement in this case.

1. This case arises out of the fatal shooting of Brandon Lovell Webster by Defendant Scott Anthony Collins on January 1, 2019. The primary claims in this case are wrongful death claims brought pursuant to 42 U.S.C. § 1983 and North Carolina law by the representatives of the Estate of Brandon Webster.

2. On March 31, 2022, the parties reached a mediated settlement agreement to resolve this case. A complete settlement agreement is required to effectuate the settlement. Because minor children will be the ultimate recipients of the proceeds of the wrongful death claims, this Court needs to approve the parties' final settlement. *See* Local Civil Rule 17.1; N.C. Gen. Stat. § 28A-13-3(a)(23).

3. The parties filed their Joint Motion for Approval of Settlement on October 7, 2022. (Dkt. No. 58.) The motion is still pending.

4. On November 15, 2022, Sydney Rose Lea filed an action in Brunswick County District Court against the Estate of Brandon Webster, claiming Mr. Webster was the father of her child, and seeking to establish the paternity of Mr. Webster pursuant to N.C. Gen. Stat. § 49-14. (Dkt. No. 66-1.) DNA testing has recently confirmed Mr. Webster was the father of the child. It is anticipated that the Brunswick County District Court will shortly enter an order establishing Mr. Webster's paternity of the child.

5. The parties will now need to revise their settlement agreement to account for three heirs of Mr. Webster instead of two. In particular, the structured annuity and trust arrangements for K.W. and B.W. will need to be adjusted, and it is anticipated that similar arrangements will be made for Ms. Lea's child. Plaintiffs' counsel have conferred with the attorney representing Ms. Lea in the paternity action, who has agreed to serve as guardian ad litem for Ms. Lea's child. Plaintiffs will soon file a motion for appointment of guardian ad litem for the child and are working to advance the process of structuring the settlement proceeds for Ms. Lea's child as expeditiously as practicable.

6. Plaintiffs estimate that the parties will be able to finalize a revised settlement agreement within 30 days, by February 10, 2023. Once the revised settlement is finalized, the parties will submit a new motion for settlement approval and will withdraw the currently pending settlement approval motion. If the parties are unable to file the approval motion by February 10, 2023, Plaintiffs will submit a status report at that time.

Respectfully submitted, this the 11th day of January, 2023.

PATTERSON HARKAVY LLP

/s/ Narendra K. Ghosh
Narendra K. Ghosh, NC Bar No. 37649

nghosh@pathlaw.com
Paul E. Smith, NC Bar No. 45014
psmith@pathlaw.com
Bradley J. Bannon, NC Bar No. 24106
bbannon@pathlaw.com
100 Europa Dr., Suite 420
Chapel Hill, North Carolina 27517
(919) 942-5200

<u>/s/ Ira Braswell IV</u>
Ira Braswell IV, NC Bar No. 41799
BRASWELL LAW, PLLC
P.O. Box 703 Louisburg, NC 27549
Telephone: (252) 458-2203
Facsimile: (980) 225-0132

*Counsel for Plaintiffs*