# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-248-FL

MARY TOWANDA WEBSTER-REED,
individually and as representative of the
Estate of Brandon Lovell Webster, et al.

        *Plaintiffs*,

v.

SCOTT ANTHONY COLLINS, *in his individual capacity*,

        *Defendant*.

## DECLARATION OF RYAN SMITHWICK

Ryan Smithwick, under penalty of perjury, deposes and says:

1. I have been appointed guardian ad litem for Brandon Webster's minor child B.W. in this action.

2. I am an attorney practicing law in North Carolina and am admitted to practice in the U.S. District Court for the Eastern District of North Carolina. For the last sixteen years, I have practiced primarily in Superior Court in Brunswick County, where I have been periodically selected by judges and clerks of court to serve as guardian ad litem in various estate/probate-related matters. I have known Brandon Webster's family for years, and worked with them on various legal matters before Mr. Webster's death.

3. I have been involved with this case since its inception; followed each step of the litigation process; reviewed numerous documents regarding the case; had numerous conversations with Plaintiffs' counsel regarding the case, its strengths, and its weaknesses; and attended the mediation that ultimately resulted in the preliminary settlement agreement for $2.2

million. I believe the decision to settle this case for $2.2 million was correct, and that the settlement is fair and reasonable. I believe the decision to allocate 5% of the settlement to Ms. Webster-Reed for the resolution of her individual-capacity claim for negligent infliction of emotional distress is fair and reasonable.

4. I have reviewed the litigation expenses advanced by Plaintiffs' counsel, the funeral expenses incurred by Mr. Webster's parents, and expense for retaining trust attorney Matt Thompson. I believe it is fair and reasonable for these expenses to be paid out of the settlement funds.

5. I have reviewed the declarations of each of Plaintiffs' counsel, including the detailed time records for the Patterson Harkavy attorneys. Based on my interactions with Plaintiffs' counsel, my observations of their work in this case, their expertise with police misconduct cases, and result achieved, I believe that the 40% contingency fee for Plaintiffs' counsel is fair and reasonable.

6. B.W. lives with his mother, Whitney McKeithan. Since my appointment, I have had several meetings with Ms. McKeithan, and B.W., have assisted B.W. in a state court civil paternity action, and have had numerous conversations with structured settlements expert Tacker LeCarpentier, trusts attorney Matt Thompson, and Plaintiffs' counsel.

7. Ms. McKeithan and I agree that B.W.'s interests would best be protected by allocating a portion of his recovery to a trust that can ensure his needs are met while he is still a minor, and then using the remainder of the funds to purchase a structured annuity that will provide him periodic payments starting at age 18 and for the rest of his life. I have evaluated various proposals regarding the execution of this plan, and have discussed various options with Ms. McKeithan.

- 2 -
Case 7:20-cv-00248-FL   Document 80-7   Filed 03/23/23   Page 3 of 6

8. Ms. McKeithan and I eventually agreed to the settlement structure set forth in the materials submitted to the Court for approval. Under that structure, $268,538.00 of the settlement proceeds will be used to purchase an annuity for B.W. through USAA Life Insurance Company, which is rated A++ by A.M. Best's rating service. The annuity will provide benefits to B.W. as follows:

- $25,000 payable semi-annually, guaranteed for four years, beginning on June 1, 2036 at age 18, with the last payment guaranteed on 12/1/2039;

- $500 payable monthly, beginning on June 1, 2036 at age 18, with the last payment guaranteed on May 1, 2040;

- $25,000 paid as a lump sum on June 1, 2040, guaranteed, at age 22; and

- $1,448.79 payable monthly, for life, guaranteed for 30 years, beginning on 7/1/2040, at age 22, with the last guaranteed payment on 6/1/2070, at age 52.

9. After accounting for attorneys' fees, my requested fee, and reimbursed expenses, $120,125.10 will be placed in a trust administered by The Directed Benefits Foundation, Inc. as trustee. This amount in trust will be used to provide for B.W.'s needs starting immediately and until he turns 18. The trust is designed so that B.W., who currently receives health insurance through Medicaid, will remain Medicaid-eligible until he reaches age 18.

10. The settlement structure will protect B.W.'s interests in the short and the long term, and is reasonable, appropriate, and in B.W.'s best interest.

11. I am requesting a fee of $200.00 per hour for my services as guardian ad litem. I believe this fee is fair and reasonable for the services that I have provided. Since my appointment as guardian ad litem on May 27, 2022, I have worked a total of 11.5 hours on this matter. I have also advanced costs and fees in the amount of $692.58 for DNA testing and for the filing of a civil action for paternity. A detailed accounting of my time is attached to this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This the 14th day of February, 2023.

*Ryan Smithwick*
Ryan Smithwick
Attorney at Law
BaxleySmithwick PLLC
P.O. Box 36
Shallotte, NC 28459
(910) 754-6582 ext. 103
jrs@baxleysmithwick.com
NC State Bar No. 28085

FOR PROFESSIONAL SERVICES RENDERED as Guardian Ad Litem for B.W., Jr.

| Date | Description | Time/Cost |
|---|---|---|
| May 12, 2022 | Review of relevant case law | 0.5 hr |
| May 13, 2022 | Email correspondence with counsel | 0.10 hr |
| May 17, 2022 | Phone conference with Medical Examiner's Office | 0.10 hr |
| May 17, 2022 | Phone call to Lab Corp | 0.10 hr |
| May 18, 2022 | Letter to Medical Examiner's Office | 0.25 hr |
| June 6, 2022 | Request for specimen release and obtaining signatures | 0.10 hr |
| June 7, 2022 | DNA and paternity discussion with Plaintiffs counsel | 0.25 hr |
| June 15, 2022 | Meeting with Whitney McKeithan | 0.5 hr |
| June 21, 2022 | Preparation and filing of claim against Estate | 0.5 hr |
| June 28, 2022 | Phone conference with structured settlement rep | 0.25 hr |
| June 29, 2022 | Email correspondence with Plaintiff's counsel | 0.10 hr |
|  | Completion of lab request forms for Sample | 0.25 hr |
| July 1, 2022 | Certified mail to Lab Corp | $7.58 |
|  | Lab request fees paid to Lab Corp | $535.00 |
| July 26, 2022 | Review of alternative structures for settlement | 1.0 hr |
| August 3, 2022 | Conference/discussion with settlement rep and family | 2.0 hr |
| August 8, 2022 | Follow up conference with settlement rep and counsel | 0.5 hr |
| August 15, 2022 | Meeting with Whitney McKeithan | 0.5 hr |
| August 19, 2022 | Draft complaint | 1.0 hr |
| August 22, 2022 | Filing complaint, District Court filing fee | 1.0 hr |
| August 22, 2022 | District Court Filing fee | $150.00 |
| August 26, 2022 | Meeting with Whitney McKeithan | 0.5 hr |
| Sept. 13, 2022 | Obtaining consent judgment | 0.5 hr |
| Nov. 28, 2022 | Travel to and from and attendance of TRO hearing | 1.0 hr |
| February 7, 2023 | Review of revised structured settlement figures | 0.5 hr |
|  | TOTAL: (Atty rate of $200/hr) | 11.50 hours (2,300.00) |
|  | COSTS ADVANCED: | $692.58 |
|  | TOTAL FEE DUE: | $2,992.58 |