# Exhibit 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### Case No. 7:20-cv-248-FL

MARY TOWANDA WEBSTER-REED,
individually and as representative of the
Estate of Brandon Lovell Webster, et al.

                    *Plaintiffs*,

        v.

SCOTT ANTHONY COLLINS, *in his
individual capacity*,

                    *Defendant*.

## DECLARATION OF RICK PARROTTE

Rick Parrotte, under penalty of perjury, deposes and says:

1.      I have been appointed guardian ad litem for Brandon Webster's minor child K.W.

in this action.

2.      I am an attorney practicing law in North Carolina and am admitted to practice in

the U.S. District Court for the Eastern District of North Carolina.  I have been licensed to

practice law since 2009, and since 2010, I have practiced primarily in Brunswick and New

Hanover counties, where my practice includes representing plaintiffs in personal injury cases,

and both plaintiffs and defendants in contract disputes, construction claims, real property

disputes, will caveats, estate litigation, and partition actions.  In addition, about 15% of my

practice includes criminal defense in Brunswick and New Hanover District and Superior Court.

I am routinely selected by judges, clerks of court, and fellow bar members to serve as a guardian

ad litem.

- 1 -

3.      Before I was contacted to serve as guardian ad litem for K.W., I was generally familiar with the shooting at issue, but had not been involved in the case in any capacity. I have since reviewed various documents related to the case, including the Amended Complaint, various expert reports, and the Plaintiffs' statement to the mediator. I have also had numerous conversations with Plaintiffs' counsel regarding the case, its strengths, and its weaknesses. I believe the decision to settle this case for $2.2 million was correct, and that the settlement is fair and reasonable. I believe the decision to allocate 5% of the Plaintiffs' settlement proceeds to Ms. Webster-Reed for the resolution of her individual-capacity claim for negligent infliction of emotional distress is fair and reasonable.

4.      I have reviewed the litigation expenses advanced by Plaintiffs' counsel, the funeral expenses incurred by Mr. Webster's parents, and the expense for retaining trust attorney Matt Thompson. I believe it is fair and reasonable for these expenses to be paid out of the settlement funds.

5.      I have reviewed the declarations of each of Plaintiffs' counsel, including the detailed time records for the Patterson Harkavy attorneys. Based on my interactions with Plaintiffs' counsel, my observations of their work in this case, their expertise with police misconduct cases, and the result achieved, I believe that the 40% contingency fee for Plaintiffs' counsel is fair and reasonable.

6.      K.W. lives with her mother, Kristy Sturdivant. Since my appointment as GAL, I have had numerous meetings and calls with Ms. Sturdivant, have visited with K.W., and have had numerous conversations and emails with structured settlements expert Tacker LeCarpentier, trusts attorney Matt Thompson, and Plaintiffs' counsel.

7.      Ms. Sturdivant and I agree that K.W.'s interests would best be protected by allocating a portion of her recovery to a trust that can ensure her needs are met while she is still a minor, and then using the remainder of the funds to purchase a structured annuity that will provide her periodic payments starting at age 18 and for the rest of her life.  I have evaluated various proposals regarding the execution of this plan, and have discussed various options with Ms. Sturdivant.

8.      Ms. Sturdivant and I eventually agreed to the settlement structure set forth in the materials submitted to the Court for approval.  Under that structure, $338,145.10 of the settlement proceeds will be used to purchase an annuity for K.W. through United of Omaha Life Insurance Company, which is rated A+ by A.M. Best's rating service.  The annuity will provide benefits to K.W. as follows:

- $15,000 payable semi-annually, guaranteed for four years, beginning on June 1, 2027 at age 18, with the last payment guaranteed on 12/1/2030;
- $500 payable monthly, guaranteed for 4 years, beginning on June 1, 2027 at age 18, with the last guaranteed payment on May 1, 2031;
- $25,000.00 paid as a lump sum on June 1, 2031, guaranteed;
- $50,000.00 paid as a lump sum on March 31, 2034, guaranteed;
- $50,000.00 paid as a lump sum on March 31, 2039, guaranteed;
- $100,000.00 paid as a lump sum on March 31, 2044, guaranteed;
- $1,284.83 payable monthly, for life, guaranteed for 30 years, beginning on March 31, 2042, at age 33;

9.      After accounting for attorneys' fees, my requested fee, and expenses, $50,190.58 will be placed in a trust administered by The Directed Benefits Foundation, Inc. as trustee.  This amount in trust will be used to provide for K.W.'s needs starting immediately and until she turns 18.  The trust is designed so that K.W., who currently receives health insurance through Medicaid, will remain Medicaid-eligible until she reaches age 18.

10.     The settlement structure will protect K.W.'s interests in the short and the long term, and is reasonable, appropriate, and in K.W.'s best interest.

11.    Since my appointment as guardian ad litem on May 27, 2022, I have worked a total of 20.5 hours on this matter. A detailed accounting of my time is attached to this declaration. I am requesting a fee of $2,600 for my services as guardian ad litem, which is a rate of about $127/hour. I believe this fee is fair and reasonable for the services that I have provided.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This the 15th day of February, 2023.

Richard (Rick) Parrotte

- 4 -

|  |  |  | 5/27/22 --> |
|---|---|---|---|
| $150.00/hr | | Client: | **GAL For Kamea Webster** |
| | | Case: | **7:20 - cv - 248-FL** |
| Date | | Time | Task |
| 5/27/2022 | | 0.4 | opened file |
| 5/27/2022 | | 0.3 | reviewed court order |
| 5/27/2022 | | 0.1 | called minor's mother |
| 5/27/2022 | | 0.5 | reviewed mediation summary |
| 6/10/2022 | | 0.1 | email to Smithwick |
| 6/10/2022 | | 0.1 | reply email to Smithwick |
| 6/24/2022 | | 0.2 | p/c w/ minor's mother |
| 6/24/2022 | | 0.1 | p/c w/ minor's mother |
| 6/29/2022 | | 0.2 | reply email to Plaintiffs' Atty |
| 7/6/2022 | | 0.4 | reviewed settlement docs |
| 7/8/2022 | | 0.1 | email to Smithwick |
| 7/8/2022 | | 0.2 | email to Tacker LeCarpentier |
| 7/8/2022 | | 0.1 | reply email to Plaintiffs' Atty |
| 7/11/2022 | | 0.2 | reply email to Tacker LeCarpentier |
| 7/11/2022 | | 0.1 | email to Plaintiff's Atty |
| 7/15/2022 | | 0.1 | called Tacker LeCarpentier v/m |
| 7/21/2022 | | 0.1 | called minor's mother v/m |
| 7/21/2022 | | 0.1 | email to Smithwick |
| 7/21/2022 | | 0.1 | reply email to Plaintiffs' Atty |
| 7/21/2022 | | 0.3 | p/c w/ Plaintiffs' Atty |
| 7/21/2022 | | 0.2 | email to Tacker LeCarpentier |
| 7/25/2022 | | 0.1 | reply email to Plaintiffs' Atty |
| 7/26/2022 | | 0.1 | p/c w/ minor's mother |
| 7/26/2022 | | 0.1 | email to Tacker LeCarpentier |
| 7/26/2022 | | 0.1 | reply email to Plaintiffs' Atty |
| 7/29/2022 | | 0.1 | text message to minor's mother |
| 7/29/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 8/1/2022 | | 0.1 | text message to minor's mother |
| 8/2/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 8/2/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 8/2/2022 | | 0.2 | p/c w/ Tacker LeCarpentier |
| 8/2/2022 | | 0.1 | email to minor's mother |
| 8/2/2022 | | 1.8 | met w/ minor's mother & Tacker LeCarpentier |
| 8/3/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 8/5/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 8/8/2022 | | 0.4 | meeting prep re: trust |
| 8/8/2022 | | 1.3 | zoom meeting w/ Plaintiffs' atty, GALs, LeCarpentier & trust atty |
| 8/8/2022 | | 0.5 | p/c w/ minor's mother |
| 8/8/2022 | | 0.2 | email to Tacker LeCarpentier |
| 8/15/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 8/15/2022 | | 0.2 | p/c w/ minor's mother |
| 8/15/2022 | | 0.1 | p/c w/ minor's mother |
| 8/15/2022 | | 0.2 | p/c w/ Tacker LeCarpentier |

| | | | |
|---|---|---|---|
| 8/16/2022 | | 0.1 | email to Tacker LeCarpentier |
| 8/16/2022 | | 0.2 | set up conf call |
| 8/16/2022 | | 0.4 | meeting prep |
| 8/16/2022 | | 0.4 | p/c w/ Tacker LeCarpentier & minor's mother |
| 8/18/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 8/18/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 8/18/2022 | | 0.4 | reviewed additional plans |
| 8/18/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 8/26/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 8/26/2022 | | 0.3 | p/c w/ Tacker LeCarpentier |
| 8/29/2022 | | 0.1 | reply email to Tacker LeCarpentier |
| 9/1/2022 | | 0.1 | reply text x 3 to minor's mom |
| 9/1/2022 | | 0.1 | email to Tacker LeCarpentier |
| 9/2/2022 | | 0.2 | p/c w/ Tacker LeCarpentier |
| 9/22/2022 | | 0.3 | p/c w/ Plaintiffs' Atty |
| 9/22/2022 | | 0.1 | reply email to Plaintiffs' Atty |
| 9/25/2022 | | 0.1 | p/c w/ minor's mother |
| 9/26/2022 | | 0.6 | reviewed petition, order, & trust |
| 9/26/2022 | | 0.1 | p/c w/ minor's mother |
| 9/26/2022 | | 0.1 | reply email to Plaintiffs' Atty |
| 9/26/2022 | | 0.2 | email to Plaintiff's Atty |
| 10/7/2022 | | 0.5 | reviewed docs |
| 10/10/2022 | | 0.2 | reviewed executed copies of settlement agrmt & QAR |
| 10/12/2022 | | 0.2 | reply email to Tacker LeCarpentier |
| 10/12/2022 | | 0.1 | email to minor's mother |
| 10/12/2022 | | 0.1 | reply email to minor's mother |
| 10/14/2022 | | 0.1 | email to Plaintiff's Atty |
| 11/8/2022 | | 0.1 | reply email to minor's mother |
| 11/10/2022 | | 0.2 | reply email to Tacker LeCarpentier |
| 11/10/2022 | | 0.1 | reply email to minor's mother |
| 11/14/2022 | | 0.1 | email to minor's mother |
| 11/15/2022 | | 0.1 | email to Tacker LeCarpentier |
| 11/15/2022 | | 0.3 | p/c W/ Preston Hilton |
| 11/15/2022 | | 0.3 | email to Smithwick & Plaintiffs' Counsel |
| 11/17/2022 | | 0.2 | p/c w/ Plaintiffs' Atty |
| 11/17/2022 | | 0.2 | reviewed Brunswick County Estate Filings |
| 11/17/2022 | | 0.1 | email to Plaintiff's Atty |
| 11/21/2022 | | 0.5 | NCGS Chapter 29 Research & Case Law review |
| 11/21/2022 | | 0.2 | p/c w/ Plaintiffs' Atty |
| 11/28/2022 | | 0.2 | p/c w/ Plaintiffs' Atty |
| 11/28/2022 | | 0.2 | p/c w/ Smithwick |
| 1/5/2023 | | 0.1 | reply email to Plaintiffs' Atty |
| 1/5/2023 | | 0.1 | reply email to Plaintiffs' Atty |
| 1/19/2023 | | 0.1 | reply email to Tacker LeCarpentier |
| 1/19/2023 | | 0.1 | email to minor's mother |
| 1/24/2023 | | 0.1 | email to minor's mother |
| 1/24/2023 | | 0.1 | reply email to minor's mother |

| | | |
|---|---|---|
| 1/26/2023 | 0.1 | email to Tacker LeCarpentier |
| 1/26/2023 | 0.1 | reply email to Plaintiffs' Atty |
| 2/7/2023 | 0.2 | email to Tacker LeCarpentier x 5 |
| 2/9/2023 | 0.1 | email to Tacker LeCarpentier |
| 2/10/2023 | 0.4 | conference call w/ LeCarpentier & Plaintiffs' Atty |
| 2/10/2023 | 0.1 | p/c w/ minor's mother |
| 2/10/2023 | 0.1 | email to minor's mother |
| 2/10/2023 | 0.1 | reply email to minor's mother |
| 2/10/2023 | 0.1 | reply email to minor's mother |
| 2/10/2023 | 0.1 | email to Tacker LeCarpentier |
| 2/10/2023 | 0.1 | reply email to Tacker LeCarpentier |

Total Time      20.5

Fees      $ 3,075.00

**Amt Due**      **$ 2,600.00**

Expenses      $0

2/15/23