# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-248-FL

MARY TOWANDA WEBSTER-REED, individually and as representative of the Estate of Brandon Lovell Webster, et al.

        *Plaintiffs*,

   v.

SCOTT ANTHONY COLLINS, *in his individual capacity*,

        *Defendant*.

## DECLARATION OF PRESTON HILTON

Preston Hilton, under penalty of perjury, deposes and says:

    1.    I have been appointed guardian ad litem for Brandon Webster's minor child Z.L. in this action.

    2.    I have been licensed to practice law since 2013. I am engaged in private practice with Wright, Worley, Pope, Ekster & Moss, PLLC, working primarily in Brunswick, Columbus, and New Hanover counties. Since 2013, I have routinely represented clients in personal injury cases, premises liability cases, and both plaintiffs and defendants in general business and contract litigation. On several occasions, I have been appointed by courts to serve as guardian ad litem in juvenile matters. I have also been selected by fellow attorneys to serve in guardian ad litem and trust protector roles.

    3.    Paul Ekster, a colleague at my firm, has been licensed to practice law since 1999, and has been working in Columbus, Brunswick, and Bladen counties since that time. One of his main areas of practice involves tort, personal injury, and wrongful death claims.

- 1 -

4. Before I was appointed to serve as guardian ad litem for Z.L., Mr. Ekster and I represented Z.L.'s mother, Sydney Lea, in the paternity action filed by Ms. Lea to establish Z.L.'s paternity, and with regard to the Estate of Brandon Webster. Mr. Ekster and I expended time and labor on behalf of Ms. Lea and Z.L., including collecting evidence, researching applicable law, drafting pleadings and other documents, and representing Ms. Lea in hearings before the Clerk of Superior Court.

5. Since I became involved in this case, I have reviewed various documents related to the case, including the Amended Complaint, various expert reports, and the Plaintiffs' statement to the mediator. I believe the decision to settle this case for $2.2 million was correct, and that the settlement is fair and reasonable. I believe the decision to allocate 5% of the Plaintiffs' settlement proceeds to Ms. Webster-Reed for the resolution of her individual-capacity claim for negligent infliction of emotional distress is fair and reasonable.

6. I have reviewed the litigation expenses advanced by Plaintiffs' counsel, the funeral expenses incurred by Mr. Webster's parents, and the expense for retaining trust attorney Matt Thompson. I believe it is fair and reasonable for these expenses to be paid out of the settlement funds.

7. I have reviewed the declarations of each of Plaintiffs' counsel, including the detailed time records for the Patterson Harkavy attorneys. Based on my interactions with Plaintiffs' counsel, my observations of their work in this case, their expertise with police misconduct cases, and the result achieved, I believe that the 40% contingency fee for Plaintiffs' counsel is fair and reasonable.

8. Z.L. lives with his mother, Ms. Lea. Before and since my appointment as GAL, I have had numerous meetings and calls with Ms. Lea, have visited with Z.L., and have had

numerous conversations and emails with structured settlements expert Tacker LeCarpentier, trusts attorney Matt Thompson, and Plaintiffs' counsel.

9. Ms. Lea and I agree that Z.L.'s interests would best be protected by allocating a portion of his recovery to a trust that can ensure his needs are met while he is still a minor, and then using the remainder of the funds to purchase a structured annuity that will provide him periodic payments starting at age 18 and for the rest of his life. I have evaluated various proposals regarding the execution of this plan, and have discussed various options with Ms. Lea.

10. Ms. Lea and I eventually agreed to the settlement structure set forth in the materials submitted to the Court for approval. Under that structure, $271,655.00 of the settlement proceeds will be used to purchase an annuity for Z.L. through USAA Life Insurance Company, which is rated A++ by A.M. Best's rating service. The annuity will provide benefits to Z.L. as follows:

- $2,395.83 payable monthly, for life, guaranteed for 40 years, beginning on May 12, 2027, at age 18.

11. After accounting for attorneys' fees, reimbursed expenses, and my requested fees, $101,580.78 will be placed in a trust administered by The Directed Benefits Foundation, Inc. as trustee. This amount in trust will be used to provide for Z.L.'s needs starting immediately and until he turns 18. The trust is designed so that Z.L., who currently receives health insurance through Medicaid, will remain Medicaid-eligible until he reaches age 18.

12. The settlement structure will protect Z.L.'s interests in the short and the long term, and is reasonable, appropriate, and in Z.L.'s best interest.

13. I am requesting that Mr. Ekster and I be compensated for our work on behalf of Ms. Lea and Z.L in the paternity action, with our fees and expenses paid out of Z.L.'s share of the settlement proceeds. I am also requesting that I be compensated for my services as guardian

ad litem. I am requesting a fee of $250.00 per hour for my services and $300.00 per hour for the services of Mr. Ekster. These hourly rates take into account our experience and expertise, as well as the fact that when we began representing Ms. Lea in the paternity action, we did not know whether paternity for Z.L. would in fact be established. I am nonetheless requesting hourly fees rather than a contingent fee, despite the uncertainty at the outset whether our firm would receive any compensation at all. I believe this fee is fair and reasonable for the services that Mr. Ekster and I have provided.

14. Since the beginning of our representation of Ms. Lea and Z.L., I have worked a total of 48.1 hours on this matter, Mr. Ekster has worked 19 hours, and we have advanced $694.90 in expenses for the paternity action and DNA testing. A detailed accounting of our time is attached to this declaration. Based on our time and expenses, I am requesting $18,419.90 in total compensation for Mr. Ekster and I.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This the 15 day of February, 2023.

_____
Preston B. Hilton

# Attroney Time Sheet
## CLIENT: Zane Isaac Lea

| Date | Task | I/C | I/CW | O/C | Total |
|---|---|---|---|---|---|
| 10/25/22 | research and prepare relevant law for Client consult; Client meeting | | | | 0.0 |
| | w/ Senior Partnerl; strategy meeting w/ Senior Partner re: possible procedural | | | | 0.0 |
| | steps going forward | | | 2.0 | 2.0 |
| 10/26/22 | Investigate possible federal filing and review federal record; PC to GAL -VM | | | | 0.0 |
| | Search Brunswick Co. Court records re: Estate of Brandon Webster; review | | | | 0.0 |
| | Estate File, scan same; Email Senior Partner Estate File, PC to discuss potetential | | | | 0.0 |
| | filings in Estate action | | | 2.5 | 2.5 |
| 10/27/23 | Research applicable statute for filing Cliam on Estate particular to our facts; | | | | 0.0 |
| | read relevant caselaw most closely analogous to our facts; reasearch applicable | | | | 0.0 |
| | statutes for determining paternity of child born out of wedlock; read relevant | | | | 0.0 |
| | caselaw most closely analogous to our facts; PC w/ Senior Partner | | | 1.5 | 1.5 |
| 11/01/22 | Email w/ federal attorneys seeking assistance | | | 0.1 | 0.1 |
| 11/02/22 | PC w/ Senior Partner re: federal assistance and preparing state pleadings | | | 0.5 | 0.5 |
| 11/03/22 | emails w/ federal attorneys and Senior Partner re: scheduilng conference call, | | | 0.3 | 0.3 |
| 11/04/22 | emails w/ federal attorneys and Senior Partner re: scheduilng conference call, | | | | 0.0 |
| | conference call | | | 1.2 | 1.2 |
| 11/05/22 | review Senior Partner's pleading; research sufficient language and allegations | | | | 0.0 |
| | in such pleadings; make revisions; draft potential agreements w/ federal | | | | 0.0 |
| | attorneys | | | 2.0 | 2.0 |
| 11/07/22 | Begin drafting Motions in the Estate Matter, Motion and Order appointing GAL, | | | | 0.0 |
| | Notice of Claim, Temporary Restraining Order and Notice of Hearing, Complaint | | | | 0.0 |
| | for determination of paternity; email w/ federal attorneys assisting | | | 4.5 | 4.5 |
| 11/09/22 | PC w/ Senior Partner re: joint fee agreement to discuss with Client; draft joint | | | | 0.0 |
| | fee agreement; review documents and drafts provided by counsel; PC w/ Client | | | 3.7 | 3.7 |
| 11/10/22 | emails w/ federal attorneys re: further assistance; consult w/ Client | | | 1.0 | 1.0 |
| 11/11/22 | PC w/ federal attorney re: drafting pleadings; review research and appellate | | | | 0.0 |
| | record of analogous case; continue drafting aforementioned pleadings | | | 6.0 | 6.0 |
| 11/13/22 | complete drafting pleadings; email Senior Partner pleadings for review and | | | | 0.0 |
| | discussion; PC w/ Senior Partner re: revisions, filing action and service; make | | | | 0.0 |
| | revisions | | | 2.8 | 2.8 |
| 11/14/22 | make further revsions to pleadings; email w/ Senior Partner re: same | | | 0.5 | 0.5 |
| 11/15/22 | file Pleadings and serve on partys; emails w/ GAL re: DNA and service | | | 0.8 | 0.8 |
| | Total Time: | 0.0 | 0.0 | 29.4 | 29.4 |

| T O T A L S | |
|---|---|
| TOTAL IN-COURT TIME x $250.00: | $ - |
| TOTAL IN-COURT WAITING TIME x $250.00: | $ - |
| TOTAL OUT-OF-COURT TIME x $250.00: | $ 7,350.00 |
| **TOTAL AMOUNT DUE:** | **$ 7,350.00** |

# Attroney Time Sheet
## CLIENT: Zane Isaac Lea

| Date | Task | I/C | I/CW | O/C | Total |
|------|------|-----|------|-----|-------|
| 11/16/22 | hearing before Clerk of Court Brunswick Co. re: TRO, Clerk to research matter | | | | 0.0 |
| | TRO entered | | | 0.5 | 0.5 |
| 11/17/22 | Serve TRO and Notice of Hearing on parties | | | 0.3 | 0.3 |
| 11/18/22 | Email Senior Partner re: update on service and contact with parties | | | 0.1 | 0.1 |
| 11/21/22 | Email w/ NCAG's Office re: Notice of Filing in fedreal case; review Notice | | | | 0.0 |
| | email w/ Senior Partner re: how to facilitate DNA test and authority; PC w/ | | | | 0.0 |
| | Senior Partner re: same; PC w/ Plaintiff's counsel in federal action | | | 1.5 | 1.5 |
| 11/22/22 | reply email to NCAG's Office w/ pleadings; email w/ Senior Partner re: research | | | | 0.0 |
| | done on time for filing a claim on estate under these particular facts; PC to | | | | 0.0 |
| | DAC re: DNA sample; email federal attorneys assisting to discuss strategy | | | 1.5 | 1.5 |
| 11/28/22 | prep for hearing before Clerk of Court Brunswick Co. re: Preliminary Injunction | | | | 0.0 |
| | hearing before Clerk; speak w/ federal attorney and GAL after hearing | | | 1.2 | 1.2 |
| 11/29/22 | Email w/ federal attorneys assisting re: strategy; discuss possible federal pleading | | | | 0.0 |
| | with Senior Partner | | | 0.5 | 0.5 |
| 11/30/22 | Reasearch applicable federal law in support of motion; draft federal motion to | | | | 0.0 |
| | intervene and motion to stay; email federal attorneys assisting to revise | | | | 0.0 |
| | motion | | | 2.0 | 2.0 |
| 12/01/22 | PC w/ DAC re: obtaining DNA sample; email Plaintiff's counsel re: federal action | | | 0.8 | 0.8 |
| 12/05/22 | PC w/ DAC re: obtaining DNA sample; PC w/ Plaintiff's attorney re: testing | | | | 0.0 |
| | emails w/ Plaintiff's attorneys | | | 1.0 | 1.0 |
| 12/06/22 | PC w/ DAC re: obtaining DNA sample; email w/ Plaintiff's attorney re: confer | | | | 0.0 |
| | about strategy going forward | | | 0.6 | 0.6 |
| 12/08/22 | PC w/ GAL re: testing w/ LabCorp; PC w/ Plaintiff's attorney; emails w/ | | | | 0.0 |
| | Senior Partner re: testing w/ LabCorp | | | 0.5 | 0.5 |
| 12/09/22 | reivew email from Plaintiff's attorney and attached documents; PC w/ Client; | | | | 0.0 |
| | PC w/ LabCorp; coordinate testing of minor and pay for same | | | 1.0 | 1.0 |
| 12/12/22 | Email Plaintiff's attorney re: update on testing | | | 0.1 | 0.1 |
| 12/13/22 | Emails w/ Plaintiff's attorneys | | | 0.1 | 0.1 |
| 12/15/22 | Emails w/ Plaintiff's attorneys | | | 0.1 | 0.1 |
| 12/22/22 | PC w/ LabCorp; receive results re: DNA test; email w/ Senior Attorney and | | | | 0.0 |
| | Plaintiff's counsel | | | 0.3 | 0.3 |
| | | | | | 0.0 |
| | **Total Time:** | **0.0** | **0.0** | **12.1** | **12.1** |

| TOTALS | | |
|--------|---|---|
| TOTAL IN-COURT TIME x $250.00: | $ | - |
| TOTAL IN-COURT WAITING TIME x $250.00: | $ | - |
| TOTAL OUT-OF-COURT TIME x $250.00: | $ | 3,025.00 |
| **TOTAL AMOUNT DUE:** | **$** | **3,025.00** |

# Attorney Time Sheet
## CLIENT: Zane Isaac Lea

| Date | Task | I/C | I/CW | O/C | Total |
|---|---|---|---|---|---|
| 01/02/23 | emails w/ Plaintiff's attorney re: scheduling PC to discuss strategy going forward | | | 0.1 | 0.1 |
| 01/03/23 | PC w/ Plaintiff's attorney; email w/ Plaintiff's attorney memorializing PC; | | | 0.3 | 0.3 |
| | review documents provided by Plaintiff's attorney; revewi Plaintiff's filing re: | | | | 0.0 |
| | extension of time to file Answer | | | 0.8 | 0.8 |
| 01/04/23 | contact structured settlment attorney; and attorney to draft Trust; email | | | | 0.0 |
| | w/ Senior Partner re: conferring re: fees and federal action; email w/ structured | | | | 0.0 |
| | settlement attoreny re: schedule phone call | | | | 0.0 |
| 01/05/23 | PC w/ structured settlement attorney; PC w/ Plaintiff's attorney; PC w/ Client | | | 0.5 | 0.5 |
| 01/06/23 | PC w/ Plaintiff's attorney; PC w/ Client; email structured settlement attorney | | | 0.4 | 0.4 |
| 01/08/23 | Draft Consent Order in state action; email Plaintiff's attorney draft | | | 0.8 | 0.8 |
| 1/9/2023 | PC w/ Trust attorney and structured settlement attorney; PC to Client; email | | | | 0.0 |
| | strucutred settlement attorney | | | 0.7 | 0.7 |
| 01/10/23 | PC w/ structured settlement attorney re: reschdule office meeitng w/ Client; | | | | 0.0 |
| | PC w/ Client re: new date; PC w/ Plaintiff's attorney re: status update for Court | | | 0.4 | 0.4 |
| 01/13/23 | Draft request for appointement as GAL; email Senior Partner same for | | | | 0.0 |
| | further discussion | | | 0.5 | 0.5 |
| 01/17/23 | review emails from Senior Partner; finish GAL request language; email | | | | 0.0 |
| | Plaintiff's Counsel | | | 0.2 | 0.2 |
| 01/24/23 | Email w/ Structure Settlement Attorney; PC w/ Plaintiff's Attorney; PC w/ Client | | | 0.3 | 0.3 |
| 01/25/23 | Review GAL App. Mtn.; email Senior Partner; get Consent Order signed by | | | | 0.0 |
| | Judge; email w/ Plaintiff's Attorney | | | 0.7 | 0.7 |
| 01/27/23 | PC w/ Client re: strucutured settlment and paying costs; email w/ Plaintiff's | | | 0.1 | 0.1 |
| | attorney and structure settlment consultant | | | 0.2 | 0.2 |
| 02/06/23 | Email w/ Trust attorney re: drafting trusts | | | 0.1 | 0.1 |
| 02/09/23 | Review email re: appointment as GAL; review email and documents re: | | | | 0.0 |
| | structured settlement, reply to emails; email SC attorney re: Medicaid | | | 0.5 | 0.5 |
| 02/14/23 | review emails and documents from Plainitff's Counsel; reply to same | | | 0.8 | 0.8 |
| | | | | | 0.0 |
| | | | | | 0.0 |
| | | | | | 0.0 |
| | | | | | 0.0 |
| | | | | | 0.0 |
| | **Total Time:** | **0.0** | **0.0** | **7.4** | **7.4** |

| T O T A L S | | |
|---|---|---|
| TOTAL IN-COURT TIME x $250.00: | $ | - |
| TOTAL IN-COURT WAITING TIME x $250.00: | $ | - |
| TOTAL OUT-OF-COURT TIME x $250.00: | $ | 1,850.00 |
| **TOTAL AMOUNT DUE:** | **$** | **1,850.00** |

# Client Name: Zane Isaac Lea

| Date | Task | Time |
|---|---|---|
| 10/17/2022 | Initial communication on case from Preston; researching statutes based on information | 0.8 |
| 10/18/2022 | Email communication with Preston regarding statutory research in preparation for meeting | 0.2 |
| 10/25/2022 | Initial consultation with client | 1.0 |
| 10/26/2022 | Research of legal issues; consultation with Preston | 0.5 |
| 10/26/2022 | Review federal filings online - PACER | 0.4 |
| 10/26/2022 | Review of estate file sent by Preston | 0.4 |
| 10/27/2022 | Research statutes and case law on filing a Claim with estate as well as determining paternity of child; phone call with Preston | 0.9 |
| 11/1/2022 | Email communication with lawyers in Raleigh that practice regularly in federal court | 0.3 |
| 11/2/2022 | Phone call with Preston | 0.5 |
| 11/3/2022 | Email communication with lawyers in Raleigh that practice regularly in federal court | 0.3 |
| 11/4/2022 | Phone discussion with lawyers in Raleigh that practice regularly in federal court; | 0.4 |
| 11/5/2022 | Drafting pleadings | 2.5 |
| 11/7/2022 | Review and edit estate motions, motion and order appointing GAL; notice of claim; TRO and NOH; complaint for paternity | 1.4 |
| 11/9/2022 | Email communication with Preston on motions et al | 0.2 |
| 11/9/2022 | Meeting with client | 0.5 |
| 11/11/2022 | Email communication with lawyers in Raleigh that practice regularly in federal court | 0.2 |
| 11/13/2022 | Final review of the pleadings and documents | 0.4 |
| 11/14/2022 | Phone call with Preston - finalizing pleadings before filing | 0.3 |
| 11/14/2022 | Email communication with client on birth certificate | 0.2 |
| 11/15/2022 | Email communication with Plaintiffs' attorneys | 0.1 |
| 11/15/2022 | Email communication with GAL attorneys | 0.2 |
| 11/18/2022 | Email communication with Preston | 0.1 |
| 11/21/2022 | Editing and discussing communications regarding notice to all parties/attorneys/court | 0.5 |
| 11/21/2022 | Review of federal court filings | 0.2 |
| 11/22/2022 | Email communication with Preston on SOL and requirements to filing | 0.3 |
| 11/22/2022 | Email communication with Plaintiffs' attorneys | 0.1 |
| 11/28/2022 | Preparation for hearing; discussions of potential consent; working out issues | 0.6 |
| 11/30/2022 | Review of document to stay; edits; finalization | 0.5 |
| 11/30/2022 | Email communication with lawyers in Raleigh that practice regularly in federal court to review draft pleadings/filings | 0.4 |
| 12/1/2022 | Email communication with Plaintiffs' attorneys | 0.1 |

Case 7:20-cv-00248-FL   Document 80-9   Filed 03/23/23   Page 9 of 10

| Date | Description | Hours |
|---|---|---|
| 12/5/2022 | Email communication with Plaintiffs' attorneys | 0.2 |
| 12/5/2022 | Email communication with Preston | 0.1 |
| 12/6/2022 | Email communication with Plaintiffs' attorneys | 0.2 |
| 12/8/2022 | Email communication with Preston | 0.2 |
| 12/9/2022 | Email communication with Preston; DNA testing facility; Plaintiffs' counsel | 0.3 |
| 12/13/2022 | Email communication with Preston and Plaintiffs' attorneys | 0.4 |
| 12/14/2022 | Email communication with Preston and Plaintiffs' attorneys | 0.2 |
| 12/15/2022 | Email communication with Preston and Plaintiffs' attorneys | 0.1 |
| 12/22/2022 | Email communication with Preston and Plaintiffs' attorneys | 0.1 |
| 12/22/2022 | Review of DNA results; consult with Preston | 0.3 |
| 1/2/2023 | Email communication with Preston and Plaintiffs' attorneys | 0.2 |
| 1/3/2023 | Email communication and then follow up discussion with Preston regarding steps to take | 0.5 |
| 1/4/2023 | Email communication with Preston | 0.2 |
| 1/4/2023 | Email communication with Preston and Plaintiffs' attorneys | 0.3 |
| 1/4/2023 | Email communication with Preston and structured settlement person | 0.2 |
| 1/5/2023 | Email communication with Preston and structured settlement person | 0.2 |
| 1/5/2023 | Email communication with Preston and Plaintiffs' attorneys | 0.2 |
| 1/6/2023 | Email communication with Preston and Plaintiffs' attorneys | 0.3 |
| 1/10/2023 | Email communication with Preston and Plaintiffs' attorneys | 0.1 |
| 1/11/2023 | Email communication with Preston and Plaintiffs' attorneys | 0.2 |

Total time: 19
Hourly Rate: $ 300.00
Total Fee: $ 5,700.00