# Exhibit 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-248-FL

MARY TOWANDA WEBSTER-REED, individually and as representative of the Estate of Brandon Lovell Webster, et al.

Plaintiffs,

v.

SCOTT ANTHONY COLLINS, *in his individual capacity*,

Defendant.

## DECLARATION OF CARLOS MAHONEY

1. I am a duly licensed attorney in the State of North Carolina. I have been licensed to practice law in North Carolina since August 1999. I received a BA degree in 1996 and a JD degree in 1999 from the University of North Carolina at Chapel Hill.

2. I am a partner at Mills & Mahoney, P.A. (formerly, Glenn, Mills, Fisher & Mahoney, P.A.) in Durham, NC. I have practiced law with this firm since I received my law license in 1999.

3. I specialize in civil litigation and regularly represent plaintiffs in civil rights cases throughout North Carolina.

4. I am admitted to practice in all of the federal district courts in North Carolina as well as the United States Court of Appeals for the Fourth Circuit and the United States Supreme Court. I have litigated civil rights cases and other civil cases in the Eastern District of North Carolina during the past ten years.

5.  I have tried 25 civil cases before juries in the state and federal courts of North Carolina, including a police shooting case under 42 U.S.C. § 1983 in the Middle District of North Carolina.

6.  I have handled 31 appellate cases and am lead or co-counsel in over 20 reported decisions. I have been a speaker at more than 30 continuing legal education seminars on various civil law topics, including civil rights litigation.

7.  I am a Fellow in the International Society of Barristers and an Associate in the American Board of Trial Advocates. I will soon be inducted as a Fellow in the International Academy of Trial Lawyers. I have an AV Preeminent® rating (5.0) from Martindale-Hubbell and have been recognized in the Business North Carolina Legal Elite and North Carolina Super Lawyers publications.

8.  I understand that Plaintiffs are represented in this case by Bradley J. Bannon, Narendra K. Ghosh, and Paul E. Smith from Patterson Harkavy, LLP and Ira Braswell, IV from Braswell Law, PLLC. I am familiar with the experience, reputation, and ability of Plaintiffs' counsel.

9.  I was contacted by Mr. Smith and asked to review the reasonableness of the pending settlement in this case and the contingent attorneys' fees requested by counsel for Plaintiffs.

10.  I am familiar with the facts of the police shooting in this matter. I have reviewed various file materials, including the Amended Complaint, the videos and pertinent evidence, various expert reports, Plaintiffs' pre-mediation letter to the mediator, and summaries of Plaintiffs' costs.

11. I have also discussed various aspects of the case with Mr. Smith and Mr. Braswell. I was informed that there was a total of $3,000,000 in indemnification and liability insurance coverage for the claims alleged by Plaintiffs against Defendant.

12. I understand that the Plaintiffs have agreed to settle this case, subject to court approval, for a total payment from Defendant in the amount of $2,200,000. I further understand that Plaintiffs are seeking to allocate 95% of the settlement to the Estate of Brandon Webster for the wrongful death claim and 5% to Ms. Webster-Reed for her negligent infliction of emotional distress (NIED) claim, and that the Guardian Ad Litem for Mr. Webster's two children, who are the sole beneficiaries of the Estate, has approved this allocation.

13. The proposed settlement is reasonable in light of the strength of the various claims and defenses, the damages alleged by Plaintiffs, and the available indemnification and liability insurance coverage. Although the facts and law concerning the use of deadly force are favorable to Plaintiffs in this case, there are no guarantees that a jury would hold Defendant liable or award damages that meet or exceed the proposed settlement. Furthermore, the conclusion of this case could take several more years of litigation due to dispositive motions, trial, and appeals.

14. The proposed allocation of the settlement between the Estate and Ms. Webster is also reasonable. I understand that Brandon Webster experienced severe pain and suffering before his death and he had close, loving relationships with his two children. Although the Estate did not have a claim for loss of net income or medical expenses, a jury was likely to award substantial wrongful death damages

3

upon a finding of liability. With regard to Ms. Webster-Reed's claim, I understand that she held her son in her lap as he died from the police shooting and experienced symptoms of severe depression without a formal diagnosis. Her personal injury damages were far less than the wrongful death damages that would likely be awarded by a jury to the Estate, and her NIED claim had potential legal issues. Under the circumstances, the allocations of $2,090,000 for the Estate's wrongful death claim and $110,000 for Ms. Webster's NIED claim are fair and appropriate.

15. I regularly represent clients on a contingent fee basis in personal injury and wrongful death claims under 42 U.S.C. § 1983. I am familiar with the prevailing contingency fee rates for attorneys representing plaintiffs on a contingency fee basis in civil rights cases in North Carolina, including the U.S. District Court for the Eastern District of North Carolina.

16. A 40% contingent attorneys' fee is a customary fee for civil rights cases involving personal injury and/or wrongful death in the Eastern District of North Carolina. These cases are often more factually and legally complicated than other personal injury and wrongful death cases and typically require extensive litigation due to the availability of qualified immunity and public officer immunity.

17. A 40% contingent attorneys' fee is fair and reasonable for the legal services provided by Plaintiffs' counsel, who invested a significant amount of time and advanced substantial case expenses in this case. The result obtained in this matter is excellent and is an indication of the skill and legal expertise of Plaintiffs' counsel. There are also inherent risks involved in representing clients in a civil rights

4

case on a contingency basis and it could take many years before the payment of any fees and advanced case expenses.

18. I understand that the largest advanced case expense was for forensic scene reconstruction work performed by Bill Williams at WISAT. This was an appropriate and necessary expense by Plaintiffs' counsel. The exact relationship between Mr. Webster's truck and Defendant was critical for establishing liability in this case. I have used expert witnesses for forensic scene reconstructions in every police shooting case that I have handled, including a trial that resulted in a favorable jury verdict against a law enforcement officer in 2009.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This the 16th day of September, 2022.

*[signature]*

Carlos E. Mahoney
N.C. State Bar No. 26509
Mills & Mahoney, P.A.
404 Hunt Street, Suite 100
Durham, NC 27701
Telephone: 919-683-2135
cmahoney@gmfm-law.com

5