# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-248-FL

MARY TOWANDA WEBSTER-REED,
individually and as representative of the
Estate of Brandon Lovell Webster, et al.

          *Plaintiffs*,

v.

SCOTT ANTHONY COLLINS, *in his
individual capacity*,

          *Defendant*.

## DECLARATION OF MATTHEW BALLEW

1. I am an attorney licensed to practice law in North Carolina. I have been a member in good standing with the North Carolina State Bar since 2009. I have been admitted to practice before the State of North Carolina superior and appellate courts, the Eastern District of North Carolina federal court, the Middle District of North Carolina federal court, as well as the United States Court of Appeals for the Fourth Circuit.

2. I was licensed to practice law in 2009 and have been practicing law continuously since then. I am currently a partner in the Zaytoun, Ballew, & Taylor law firm in Raleigh, North Carolina.

3. My practice primarily involves representing plaintiffs in catastrophic personal injury and wrongful death cases during all relevant phases including pre-suit evaluation and investigation, complex litigation, and appeals. I and my law firm have represented plaintiffs in numerous wrongful death and police misconduct cases.

1

4. I was requested to review the case *Webster-Reed et al. v. Collins* and offer my thoughts regarding the settlement of the case, the payment of attorney fees, and the recovery of costs requested by the Plaintiff.

5. I reviewed various file materials, including the Plaintiffs' statement to the mediator, the Amended Complaint, various expert reports, and summaries of Plaintiffs' costs. I have also discussed various aspects of the case with Plaintiffs' attorneys.

6. It was reasonable to settle this case for $2.2 million, and Plaintiffs were justified in accepting that settlement. In my opinion, settlement of this case for $ 2.2 million before the submission of dispositive motions was a very strong resolution for the Plaintiffs. As with any police misconduct case, there was a risk the defendant would be found entitled to qualified immunity, which would likely bar any recovery. There was also a risk the jury could find in favor of the defendant, or that they could rule in favor of the plaintiffs and award a verdict substantially less than $2.2 million. Moreover, insurance and indemnification obligations provided only $3 million in coverage, significantly limiting the potential upside of proceeding to through summary judgment and trial.

7. The decision to allocate 95% of the Plaintiffs' share of the settlement to the Estate of Brandon Webster, and 5% to Ms. Webster-Reed in her individual capacity, is also reasonable. Ms. Webster-Reed held her son in her lap as he died, a powerful fact that would resonate with any jury. However, the damages she suffered were far less than those suffered by Mr. Webster and his heirs, and her legal claim presented legal challenges not present for Mr. Webster's estate. It was therefore reasonable to afford her five percent of the Plaintiffs' share of the settlement.

8. Like the attorneys who represent the Plaintiff in this case, I handle wrongful death and 42 U.S.C. § 1983 claims in which I represent my client on a contingent fee basis. I am

2

Case 7:20-cv-00248-FL   Document 80-11   Filed 03/23/23   Page 3 of 5

familiar with the prevailing contingency fee rates for attorneys representing plaintiffs on a contingency fee basis in North Carolina.

9. I am familiar with the excellent reputation and work of Patterson Harkavy LLP, including each of the Patterson Harkavy attorneys involved in this litigation.

10. Plaintiffs' counsel faced significant risks when they undertook the Plaintiffs' representation on a contingency fee basis and advanced the funds necessary to properly litigate the case. There was a substantial risk that the attorneys would receive no fee if they were unsuccessful and also would be unable to recover the significant costs they advanced.

11. I have reviewed the accounting of Patterson Harkavy LLP's litigation advances. In my opinion, those costs were reasonable and necessary to properly litigate the case.

12. In my opinion, a 40% contingent fee is reasonable for the legal services provided by Plaintiffs' counsel. This is especially the case given the added complexities present in suits brough under 42 U.S.C. § 1983, when compared to more typical personal injury or wrongful death actions. In my experience, a 40% contingency fee is customary for cases such as this one. My law firm regularly charges a 40% contingency fee for similar § 1983 law enforcement misconduct case recoveries, including but not limited to those that resolve after or near the close of discovery such as the case at bar, as these types of claims involve substantial complexity, risk, time, and expenses.

13. The largest cost advanced was for scene reconstruction work performed by expert Bill Williams at WISAT. This was a wise and appropriate expense. The relationship between the decedent's truck and the Defendant was central to establishing liability, but was not readily apparent from video footage of the encounter. Retention of the scene reconstruction expert was the correct litigation decision and meaningfully strengthened Plaintiffs' case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This the 27th day of September, 2022.

ZAYTOUN BALLEW & TAYLOR PLLC

*[signature]*

Matthew D. Ballew (N.C. Bar No. 39515)
3130 Fairhill Drive, Suite 100
Raleigh, NC 27612
(919) 832-6690
(919) 831-4793 (fax)
mballew@zaytounlaw.com

4