IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-248-FL

| | |
|---|---|
| MARY TOWANDA WEBSTER-REED, individually and as representative of the Estate of Brandon Lovell Webster; ALDRIDGE REED, as representative of the Estate of Brandon Lovell Webster; K.W., a minor, by and through her Guardian Ad Litem, as heir to Brandon Lovell Webster; and B.W., by and through his Guardian Ad Litem, as heir to Brandon Lovell Webster, <br><br> *Plaintiffs*, <br><br> v. <br><br> SCOTT ANTHONY COLLINS, *in his individual capacity*, <br><br> *Defendant*. | **CONSENT ORDER APPROVING SETTLEMENT** |

This matter comes before the Court on the parties' Joint Motion for Approval of Settlement. The parties have reached an agreement to settle the dispute between them and, in accordance with Local Civil Rule 17.1(b), have consented to entry of this Order of Approval. The Court has reviewed the Motion for Approval, the supporting documentation for the motion, Plaintiffs' Memorandum in support of the motion, and the proposed settlement agreement. The Court APPROVES the settlement.

The Court finds as follows:

1. All parties are properly represented and are properly before the Court. The Court has appointed guardians ad litem to protect the interests of minors K.W., B.W., and Z.L. No questions exist as to misjoinder or nonjoinder of parties.

1

2. This Court has subject matter jurisdiction over Plaintiffs' § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. This Court has personal jurisdiction over all parties.

3. In summary, Plaintiffs allege as follows. On January 1, 2019, Brandon Webster drove to a mini-mart near his home. Defendant Collins was a patrolman with the North Carolina State Highway Patrol on duty that night. Collins activated his patrol car's blue lights and followed Webster into the Mini-Mart's parking lot. Webster attempted to leave the parking lot by backing out and pulling around Collins's patrol car. Collins got out of his patrol car with his gun drawn and pointed in Webster's direction. Webster eventually drove by Collins toward the parking lot's exit. While Webster was driving by Collins, Collins shot Webster twice through the driver's side of the truck. Webster later died from these injuries.

4. Although Defendant disputes many of the allegations and denies any and all liability for the Plaintiffs' injuries, the allegations are sufficient to state a claim for relief under state and federal law. *See Williams v. Strickland*, 917 F.3d 763, 770 (4th Cir. 2019); *Wilcox v. City of Asheville*, 222 N.C. App. 285, 294, 730 S.E.2d 226, 234 (2012).

5. Mr. Webster was unmarried at the time of his death and was survived by his three minor children, K.W., B.W., and Z.L. Mr. Webster's three minor children are therefore the sole beneficiaries of his estate under the Intestate Succession Act. *See* N.C. Gen. Stat § 29-15.

6. Plaintiffs' counsel have submitted detailed records documenting the services rendered. Plaintiffs' counsel Ira Braswell began his representation shortly after the shooting, investigated the shooting, interviewed witnesses, obtained documents from the SBI, and filed the original complaint on December 15, 2020. Plaintiffs' counsel with Patterson Harkavy LLP joined the case in early 2021, and conducted discovery from May 2021 through February 28,

2022, including extensive written discovery, the development and identification of four expert witnesses, six depositions, and numerous third-party subpoenas, some of which required extensive follow-up in order to ensure the production of all responsive documents. The case settled after the close of discovery, at the parties' second mediation. Following the preliminary settlement, Plaintiffs' attorneys worked to finalize the terms of the settlement—including working with the appointed guardians ad litem to establish a settlement structure in the best interests of the minor beneficiaries—and to secure this Court's approval of the settlement. Time records submitted by the attorneys at Patterson Harkavy show that they spent about 1,070 hours litigating this case.

7. The claims at the time of settlement were federal and state law wrongful death claims on behalf of Mr. Webster's estate, along with a claim on behalf of Ms. Webster-Reed in her individual capacity for negligent infliction of emotional distress.

8. The proposed settlement agreement provides that Plaintiffs will dismiss their claims with prejudice in exchange for payment of $2,200,000 by the North Carolina Department of Public Safety. Plaintiffs propose a 40% contingency fee to be paid to Plaintiff's counsel, and have requested reimbursement for litigation expenses, Mr. Webster's funeral expenses, expenses related to the creation of trusts for the minor beneficiaries, and payment of the fees for the appointed guardians ad litem. Of the proceeds for Plaintiffs, 95% of the proceeds will be distributed for the benefit of the three minor beneficiaries—each an equal share—and the remaining 5% will be paid to Ms. Webster-Reed for the resolution of her individual capacity claim. Plaintiffs have submitted a detailed proposed Statement of Disbursement of Funds as part of their motion for settlement approval, identifying the specific amounts that will be to each recipient of the funds.

9. Plaintiffs have described the strengths and weakness of their claims, applicable indemnification/insurance limits, and other considerations that informed their decision to accept $2.2 million to settle their claims. Ryan Smithwick, guardian ad litem for B.W., Rick Parrotte, guardian ad litem for K.W, and Preston Hilton, guardian ad litem for Z.L., agree that settlement of the claims for $2.2 million is fair and reasonable. Attorneys Carlos Mahoney and Matthew Ballew, each of whom independently reviewed the reasonableness of the settlement and its proposed distribution, also agree that the settlement is fair and reasonable. The Court finds that the proposed settlement of Plaintiffs' claims for $2.2 million is fair and reasonable.

10. The appointed guardians ad litem, along with attorneys Mahony and Ballew, each agree that the proposed division of the settlement proceeds between the Estate of Brandon Webster and Ms. Webster-Reed is fair and reasonable. The Court finds that it is fair and reasonable to allocate 5% of Plaintiffs' settlement proceeds to Ms. Webster-Reed for the resolution of her individual capacity claim, with the remainder going to resolve the claims on behalf of Mr. Webster's estate.

11. The parties propose to structure the settlement payments made to the minor beneficiaries, placing a portion of each beneficiary's recovery into a trust that will provide for each beneficiary's immediate needs, and using the remainder of each beneficiary's recover to purchase a structured annuity that will provide financial benefits to each beneficiary beginning at age 18 and continuing for their lifetime. The guardians ad litem developed these structures in consultation with each beneficiary's mother, and agree that it protects the interests of the beneficiaries in the short and long terms. The Court finds the proposed settlement structures properly protect the interests of the minor beneficiaries and are fair and reasonable. By separate orders, the Court is creating the trusts for each of the minors.

12. The Court has reviewed the request for a 40% attorneys' fee, considering each of the twelve factors identified in *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 243 (4th Cir. 2010). In particular, the Court has reviewed and considered the time records and declarations of counsel, the declarations of the guardians ad litem, the declarations of attorneys Mahoney and Ballew, counsel's expertise in police misconduct cases, the customary fee for similar work, the results obtained, and fees approved in similar cases. The Court finds that a 40% contingency fee for Plaintiffs' counsel is fair and reasonable.

13. The Court has reviewed the litigation expenses, funeral expenses, trust expenses, and expenses for the guardians ad litem, and finds them to be fair and reasonable.

Having fully considered the parties' submissions, the Court now finds as fact and concludes as a matter of law:

    a. The settlement of Plaintiffs' claims for $2,200,000 is fair and reasonable;

    b. The allocation of 95% of the proceeds to Plaintiffs to Mr. Webster's Estate, and 5% to Ms. Webster-Reed in her individual capacity is fair and reasonable;

    c. The 40% attorneys' fee for Plaintiffs' counsel is fair and reasonable;

    d. The reimbursement out of the settlement for the specified litigation expenses, funeral expenses, trust expenses, and expenses for the appointed guardians ad litem is fair and reasonable; and

    e. The structure of the settlement—including the specified funding of structured annuities and trusts for each minor, and the payment of the trust expenses out of each trust—is fair, reasonable, and in the best interests of K.W., B.W., and Z.L.

The parties' settlement agreement is hereby APPROVED. The parties are authorized and directed to pay and disburse the settlement funds in the manner set forth in the Settlement Agreement and Release, Exhibit A to the Settlement Agreement and Release, and the Statement of Disbursement of Funds, filed as part of their Motion.

Specifically, the North Carolina Department of Public Safety shall pay:

(a) The sum of $1,321,661.90 to the trust account of Plaintiffs' counsel, Patterson Harkavy LLP, within 30 days from the issuance of this order;

(b) The sum of $268,538.00 to USAA Annuity Services Corporation and delivered to the applicable licensed structured settlement broker, Edward C. LeCarpentier, within 30 days from the issuance of this order, to fund the purchase of an Internal Revenue Code Section 130(c)-qualified structured settlement annuity from USAA Life Insurance Company which annuity shall make certain future periodic payments to the Trust for B.W. as specified in Exhibit A to the Settlement Agreement and Release;

(c) The sum of $271,655.00 to USAA Annuity Services Corporation and delivered to Mr. LeCarpentier, within 30 days from the issuance of this order, to fund the purchase of an Internal Revenue Code Section 130(c)-qualified structured settlement annuity from USAA Life Insurance Company which annuity shall make certain future periodic payments to the Trust for Z.L. as specified in Exhibit A to the Settlement Agreement and Release; and

(d) The sum of $338,145.10 to Mutual of Omaha Structured Settlement Company (MOSSCO) and delivered to Mr. LeCarpentier, within 30 days from the issuance of this order, to fund the purchase of an Internal Revenue Code Section 130(c)-qualified structured settlement annuity from United of Omaha Life Insurance Company which annuity shall make certain future

periodic payments to the Trust for K.W. as specified in Exhibit A to the Settlement Agreement and Release.

Patterson Harkavy LLP shall disburse the received funds as follows:

(a) The sum of $572,000.00 paid to Patterson Harkavy LLP for attorneys' fees;

(b) The sum of $308,000.00 paid to Braswell Law PLLC for attorneys' fees;

(c) The sum of $75,638.72 paid to Patterson Harkavy LLP for litigation expenses;

(d) The sum of $61,200.75 paid to Ms. Webster-Reed for her individual claim;

(e) The sum of $7,553.85 paid to Ms. Webster-Reed and Mr. Reed for funeral expenses;

(f) The sum of $50,910.58 paid to The Directed Benefits Foundation, Inc., to fund the trust for K.W. The fee of Ward and Smith, P.A. related to the creation of this trust shall be paid out of the trust.;

(g) The sum of $2,600.00 paid to The Wortman Law Firm, PLLC for the services of Rick Parrotte;

(h) The sum of $120,125.10 paid to The Directed Benefits Foundation, Inc., to fund the trust for B.W. The fee of Ward and Smith, P.A. related to the creation of this trust shall be paid out of the trust.;

(i) The sum of $2,992.58 paid to Baxley Smithwick PLLC for the services of Ryan Smithwick;

(j) The sum of $101,580.78 paid to The Directed Benefits Foundation, Inc., to fund the trust for Z.L. The fee of Ward and Smith, P.A. related to the creation of this trust shall be paid out of the trust.; and

(l) The sum of $18,419.90 paid to Wright, Worley, Pope, Ekster & Moss, PLLC for the services of Preston Hilton and Paul Ekster.

 

_____

LOUISE W. FLANAGAN
United States District Judge

8

Case 7:20-cv-00248-FL   Document 80-12   Filed 03/23/23   Page 8 of 9

Pursuant to Local Civil Rule 17.1(b), the parties provide their consent to the entry of this order:

_____
Narendra K. Ghosh, counsel for Plaintiffs

_____
Bryan G. Nichols, counsel for Defendant

_____
Ira Braswell IV, counsel for Plaintiffs

_____
Rick Parrotte, GAL for K.W.

_____
Kristy Sturdivant, natural parent of K.W

_____
Ryan Smithwick, GAL for B.W.

_____
Whitney McKeithan, natural parent of B.W.

_____
Preston Hilton, GAL for Z.L.

_____
Sydney Lea, natural parent of Z.L.