IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-00248-FL

MARY TOWANDA WEBSTER-REED, *et al.*,

        *Plaintiffs*,

v.

SCOTT ANTHONY COLLINS,

        *Defendant*.

**ORDER**

This matter comes before the Court on Z.L.'s Motion for Creation of Trust, which has been filed in conjunction with the parties' Joint Motion for Approval of Settlement. Based on the record before the Court, the Court makes the following findings of fact:

1. Z.L. is a citizen and resident of South Carolina. Z.L. formerly resided in North Carolina.

2. Z.L. is a minor.

3. Z.L. has one living parent, Sydney Rose Lea.

4. Z.L.'s other parent was Brandon Lovell Webster. Mr. Webster was a resident of North Carolina and died in North Carolina.

5. Z.L. is entitled to certain monetary amounts (both now and pursuant to certain future periodic payments) by virtue of the settlement of the claims in this action related to Mr. Webster's death ("Settlement Proceeds").

6. If the Settlement Proceeds were paid directly to Z.L., they would be subject to a guardianship while he is a minor, then Z.L. would receive the Settlement Proceeds outright once

1

he reaches the age of majority. Z.L. would also be ineligible for Medicaid benefits under North Carolina's program.

7. Administration of the Settlement Proceeds through a guardianship would be inefficient due to the court costs, bond costs, attorney's fees, and necessary filings associated with a guardianship. Further, a guardianship would terminate upon Z.L.'s eighteenth birthday, giving him immediate access to all of the remaining Settlement Proceeds at that young age. Also, the loss of Medicaid benefits would be contrary to Z.L.'s best interests, because his surviving parent has limited income and resources to afford health insurance or out-of-pocket medical care for him.

8. Administration of the Settlement Proceeds through a trust would have several benefits and be in Z.L.'s best interests. A trust would avoid the inefficiencies and costs of a guardianship, require professional administration and investment of the Settlement Proceeds and trust assets, allow for efficient and considered distribution of funds from the trust for Z.L.'s benefit at any time during the trust's existence, and afford protection and continued management of the Settlement Proceeds beyond Z.L.'s eighteenth birthday, until an age that he is more mature and able to handle financial responsibility over significant sums. Holding the Settlement Proceeds through a trust also would not affect Z.L.'s Medicaid eligibility while he is a minor.

9. Z.L.'s motion seeks an order by this Court creating a trust for the benefit of Z.L. with terms as set forth in the proposed Trust Agreement attached as Exhibit A to the Motion.

Based on the foregoing, the Court makes the following Conclusions of Law:

1. This Court possesses subject matter jurisdiction over this matter and personal jurisdiction over the parties to this action, and venue is appropriate in this Court.

2. N.C. Gen. Stat § 36C-4-401 states, in part: "A trust may be created by . . . a court

by judgment, order, or decree."

3. N.C. Gen. Stat § 36C-4-401.2 states, in part: "A court may create or establish a trust by judgment or decree . . . upon petition of an interested party in accordance with the provisions of this Chapter or in any other matter properly before the court."

4. Z.L. is an interested party.

5. Z.L.'s motion has been brought in a matter properly before the Court.

6. It is in the best interests of Z.L. for the Court to create a trust for the benefit of Z.L. to receive and administer the Settlement Proceeds and other amounts as later may be added.

7. The Trust should be created with the terms set forth in the Trust Agreement that is Exhibit A to Z.L.'s Motion, which is incorporated herein by reference.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. An Irrevocable Trust hereby is established and created for the benefit of Z.L. with terms as set forth in the Trust Agreement that is Exhibit A to Z.L.'s Motion, which is incorporated herein by reference. The Court has executed an unredacted version of the Trust Agreement, which will be issued under seal contemporaneously with this Order.

2. The Irrevocable Trust shall be funded with Ten Dollars, the Settlement Proceeds, and such other additional amounts as from time to time may be added in accordance with the trust terms.

3. The terms of the Trust Agreement established and created by virtue of this Order are binding on the Trust, any and all Trustees of the Trust, any and all beneficiaries or potential beneficiaries of the Trust, and all other parties interested in the Trust's administration.

This the 29th day of March, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge